## Memmler *vs.* Roberts *et al.*

It having been held in this case, at the last term of this court, that the part of the act creating the city court of Cartersville which authorized the carrying of cases from the city court to the superior court by bill of exceptions, was unconstitutional and void, it follows that everything done under that section of the act was also null and void; and therefore the bond given by the losing party in the city court, when he carried the case by bill of exceptions to the superior court to supersede the judgment of the city court, was null and void, and no judgment could be entered thereon.

December 12, 1888.

*Res adjudicata.* *Supersedeas* bond. Judgments. Before Judge NEEL. City court of Cartersville. June term, 1888.

Reported in the decision.

JOHN W. AKIN, for plaintiff.

E. D. Graham, by brief, for defendants.

Simmons, Justice.

Mrs. F. C. Memmler filed her petition in the city court of Cartersville in and for Bartow county, alleging that at the March term, 1887, of said court, she recovered a judgment against W. W. Roberts, that Roberts moved for a new trial, which motion was overruled; that he sued out a writ of error to the superior court of said county, giving a *supersedeas* bond with C. McEwen as the surety thereon; that the superior court heard the cause, and over petitioner's objection, decided that it had jurisdiction to hear and determine the writ of error and bill of exceptions sued out by said Roberts, and reversed the judgment of the city court; that petitioner took the case to the Supreme Court, which reversed the judgment of the superior court, upon the ground that said superior court had no jurisdiction to review proceedings of said city court under a bill of exceptions therefrom; that in open court on May 21st, 1888, petitioner moved the court to have the remitter entered and made the judgment of the superior court, and thereupon the judgment of the Supreme Court was made the judgment of the superior court, and a judgment given petitioner against said Roberts for costs. The judgment of the superior court is set out in the petition. Petitioner prayed that the said remitter and the judgment entered thereon be entered on the minutes of said city court, and that she be granted a judgment against said Roberts, and said McEwen as security, for the full amount of her original judgment and all costs.

Attached to the petition, as exhibits, were the *supersedeas* bond for the eventual condemnation money, signed by Roberts and by McEwen as his surety, and the remitter from the Supreme Court of Georgia, to-

gether with the judgment entered upon said remitter in the said superior court.

To this petition Roberts and McEwen. demurred orally, and moved to dismiss the same. The presiding judge refused to grant the prayer of the petition, and to this decision petitioner excepted.

The court committed no error in refusing to allow the plaintiff to enter up judgment against the security on the *supersedeas* bond. When this case was here at the last term of this court, we held that that part of the act creating the city court of Bartow county, which authorized the carrying of cases from the city court to the superior court by bill of exceptions, was unconstitutional and void. That being true, everything done under that section of the act was also null and void, and therefore the *supersedeas* bond given by Roberts, and signed by Ewing as security, was null and void; and the court did right in refusing to allow a judgment for the eventual condemnation money to be entered up thereon. See page 351, *ante.*

Judgment affirmed.